**David Luis BUSTAMANTE, Petitioner–Appellant,**

v.

**A. LAMARQUE, Warden, Respondent–Appellee.**

**No. 02–56149.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 20, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's request for oral argument is denied.

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

California state prisoner David Luis Bustamante appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, which challenges his robbery conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hickman,* 316 F.3d 841, 845 (2002), *amended,* (9th Cir.2003), we affirm.

Bustamante contends that the trial court erred when it admitted evidence of a statement he made to an officer because he had not received warnings pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The California Court of Appeal rejected this claim, reasoning that the circumstances of the detention indicated that Bustamante was not in custody for purposes of *Miranda.* The California court's conclusion is neither contrary to nor an unreasonable application of federal law as clearly established by the Supreme Court. *See Berkemer v. McCarty,* 468 U.S. 420, 439–40, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984) (stating that *Miranda* does not apply to stops made pursuant to *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)); *see also Alvarado,* 316 F.3d at 846 (stating that factors relevant to whether a person is in custody for purposes of *Miranda* include the duration of the stop, what force is used to accomplish the stop, and whether the stop occurs in a public or private place).

Thus, the district court properly denied Bustamante's petition. *See* 28 U.S.C.

§ 2254(d); *Early v. Packer,* 537 U.S. 3, 123 S.Ct. 362, 365–66, 154 L.Ed.2d 263 (2002) (per curiam) (explaining § 2254(d)'s "contrary to" and "unreasonable application" requirements).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the